UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gretchen Dunne,                                        No. 15cv2757 (PAM/BRT)

          Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

U.S. Bank National Association,

          Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss Count II of the Amended Complaint. For the reasons that follow, the Motion is denied.

**BACKGROUND**

Plaintiff Gretchen Dunne worked at U.S. Bank for more than 40 years. (Am. Compl. ¶ 6.) She was fired in May 2014; at the time, she worked as a service representative in U.S. Bank's Trust Resolution Center. (Id.) She alleges that she was terminated because of her age, and raises claims under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), and the Minnesota Human Rights Act, Minn. Stat. § 363A.08, subd. 2.

Defendant U.S. Bank contends that Dunne's official title was "trust officer" and, as such, she was an officer of U.S. Bank under the National Bank Act, 12 U.S.C. § 21. That Act gives banks wide latitude in hiring and firing officers, providing that banks can "dismiss such officers . . . at pleasure." 12 U.S.C. § 24 (fifth). According to U.S. Bank, this means that any state law regarding employment practices is preempted as to bank officers, and thus Dunne's claim under the MHRA must be dismissed.

**DISCUSSION**

This Motion presents two distinct questions. First, whether there is a factual dispute that prevents a decision on the preemption issue. Second, assuming that preemption appears on the face of the Amended Complaint, whether Dunne's MHRA claim is indeed preempted.

**A.     "On the face of the complaint"**

Because preemption is an affirmative defense, dismissal on the basis of preemption is appropriate only if the defense is apparent on the face of the complaint. Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 983 (8th Cir. 2008). "The face of the complaint" encompasses not only the pleading itself but also materials embraced by the complaint and public records. Id. Dunne disputes that the defense is apparent on the face of her Amended Complaint, noting that she pleads only that her last job title was "TRC Service Rep 3." (Am. Compl. ¶ 6.) U.S. Bank submitted documents that it contends are embraced by the Amended Complaint, namely a "certificate" signed by an "Assistant Secretary" of the bank on June 23, 2015, saying that Dunne became a "trust officer" of the bank in 2006, and citing the bank's bylaws giving officers powers such as signing documents on the bank's behalf. (Docket No. 8.) U.S. Bank submitted more voluminous materials along with its reply memorandum, including the 2006 board resolutions that ostensibly appointed Dunne to an officer position[1] and a copy of the board's resolutions approving Dunne's termination in 2014. (Bidon Decl.

---

[1] Dunne was apparently appointed under her maiden name, Meyer, according to the declarant's "information and belief." (Bidon Decl. (Docket No. 25) ¶ 3.) At the hearing, Dunne's counsel noted that Dunne was married before 2006 so her name was not Meyer at that time.

2

(Docket No. 25) Exs. A-C.)

At least one court has relied on similar materials in affirming the dismissal as preempted of a state-law wrongful termination claim. Schweikert v. Bank of Am., N.A., 521 F.3d 285, 287 (4th Cir. 2008). In Schweikert, the plaintiff was a Senior Vice President but argued that he was not an officer under the National Bank Act. Id. The appellate court noted that the bank's board of directors had ratified Schweikert's termination at a board meeting, and that the termination was included in the board's list of "officer separations." The court relied on these documents, as well as court decisions holding that similarly titled individuals were bank officers, in determining that Schweikert was an officer for purposes of the National Bank Act. Id. at 289.

But the Sixth Circuit refused to hold that a plaintiff was an officer merely because the bank's by-laws provided that employees with his title—branch manager—were officers. Wiskotoni v. Michigan Nat'l Bank-West, 716 F.2d 378, 387 (6th Cir. 1983). The court held specifically that the bank's "characterization of branch managers as officers in the By-Laws" was not dispositive of the issue. Id. Rather, the court found that it must consider the "realities of the situation," which were that the board did not hire Wiskotoni and did not make the decision to fire him. Id. Thus, the court affirmed the lower court's determination that Wiskotoni was not an officer for purposes of the National Bank Act. Id.

Here, the board purports to list Dunne as an officer, but Dunne pleads the opposite. According to Dunne, she never acted as an officer of the bank, and at the time she was fired after more than 40 years of employment she was making only around $50,000 a year. That allegation is in contrast to the plaintiff in Schweikert, who was paid $135,000 a year as a bank senior vice president. This conflict cannot be resolved at this early stage of the litigation. Dunne has plausibly pled that the provisions of the National Bank Act do not apply to her employment.

**B.    Preemption**

Having determined that there are questions of fact remaining for resolution as to whether Dunne was an "officer" within the meaning of the National Bank Act, any determination as to whether that Act preempts Dunne's MHRA claim is premature. Thus, U.S. Bank's Motion will be denied without prejudice.

**CONCLUSION**

The determination whether Dunne was indeed an officer for purposes of the National Bank Act cannot be made at this preliminary stage of the litigation. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 14) is **DENIED** without prejudice.

Dated: August 26, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge